No. 28,632.

George W. White, *Appellant,* v. A. R. Stahly and C. E. Hutchins, *Appellees.*

(276 Pac. 59.)

Opinion filed April 6, 1929.

*F. L. Martin* and *James N. Farley,* both of Hutchinson, for the appellant.

*W. A. Huxman, Charles S. Fulton* and *E. T. Foote,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action primarily for the possession of real property. There is also a prayer for damages. The trial court sustained a demurrer to plaintiff's evidence and rendered judgment for defendants. Plaintiff has appealed.

From the record before us the facts may be stated as follows: In November, 1919, defendants were in possession of certain lots on Avenue A in the city of Hutchinson, having previously contracted to purchase them from the Hutchinson Lumber and Planing Mill Company. Plaintiff was the owner of four lots on Avenue D West in the city of Hutchinson. It appears that the parties agreed to exchange these properties, defendants to pay plaintiff $8,000 difference, but no written agreement setting out the terms of the exchange was executed by the parties. This is what was done: Defendants completed the payments provided for by their contract to purchase the lots on Avenue A from the lumber company and caused that company to convey them by a general warranty deed to plaintiff, who, for

his convenience, took the title in the name of his son, but this point gives no rise to controversy here. With respect to the four lots on Avenue D West plaintiff executed to the defendants the following instrument:

### "Lease.

"This is to certify that I, the undersigned, have this 22d day of November, 1919, let and rented to A. R. Stahly and C. E. Hutchins the following premises situated in Hutchinson, Reno county, Kansas, to wit:

"Lots numbered twenty-nine (29), thirty-one (31), thirty-three (33), and thirty-five (35), on Avenue D West, in the city of Hutchinson, according to the duly recorded plat, for a term of five years seven months at a monthly rental of one hundred dollars ($100) per month for the first twelve months and after one year to pay one hundred fifty dollars ($150) per month for fifty-five months, to be paid on the first day of each month in advance and in no case later than the 10th day of the month. The second parties further agree to keep all assessments of taxes paid promptly and keep $7,000 insurance on the building, and turn the policy over to first party, to be held until the lease expires; and second parties agree to keep the building in good repair.

"An option and right to purchase the above-described property at the end of the five years is to be given to the second parties, the renter, and if he faithfully pays all rents and fully complies with the terms of this lease, the first party agrees to make second parties a good and sufficient deed and the title to the above-described property; and all rents received by first party shall become a payment on the principal and interest. The consideration is to be eight thousand dollars ($8,000) *and other property,* with interest at six per cent from date of this lease.

"But if the second parties fail to pay the rent when due and to comply with the other terms of this lease then the first party is not obligated to this option, and a failure to comply to the terms of this lease disannuls and makes the option void and of no effect, and all money paid on this lease shall be for rent of the property and shall belong to the first party, and shall not be a payment on the principal, and should second parties fail in their monthly payments they further agree to surrender possession at any time to first party, by first giving them notice as the law prescribes with any other renter. It is further agreed that second party may pay all or part of the lease out at any time and get the title. This lease is not to be put on record but held by each party for reference and credits.

"If at any time payments are made in advance, the interest is to be deducted."

Defendants went in possession of the property on Avenue D West and have paid the monthly payments, except the last one or two—and these were tendered—and have paid taxes and insurance. Early in 1920 plaintiff undertook to go in possession of the property on Avenue D and started to make extensive permanent improvements

thereon, when an action was brought against him by the city of Hutchinson to enjoin his building upon or using the lots, claiming to have previously condemned a strip of land 150 feet wide through the lots for the purpose of straightening out a stream known as Cow creek through the city, and for drainage. White, the plaintiff in this case, defended that action, but judgment was rendered against him in the trial court. He appealed and the judgment of the court below was affirmed. (*City of Hutchinson v. White,* 117 Kan. 622, 233 Pac. 508.) By this action it was adjudged that the city was the owner of a strip 150 feet wide diagonally through these lots on Avenue A, leaving only two small three-cornered tracts of the lots not owned by the city. These plaintiff alleged to be of little or no value and has tendered a reconveyance of them to defendants.

It will be noted that the lease made by plaintiff to defendants, above set out, contains a provision by which defendants have an option to buy the property on the payment of the consideration of $8,000 "and other property," with interest. The monthly payments provided for in the lease are substantially the $8,000 with the interest. It is conceded by counsel for defendants in the court below and in the brief in this court that the "other property" mentioned in the lease above set out was the lots on Avenue A previously mentioned.

Plaintiff's principal contention is that under this lease he is entitled to possession of the property on Avenue D West at the end of the term for which it is rented unless defendants exercise their option to buy, as provided therein, and further, if they exercise the option to buy, they must pay the consideration named therein, namely, the $8,000 with interest and the other properties which the parties had agreed upon, the identity of which is not in dispute. The instrument specifically provides that if defendants fail to pay the rent when due and to comply with the other terms of the lease, the plaintiff is not obligated to the option. We think this contention is sound. Defendants cannot buy this property and pay only a part of the consideration for it. They must pay all the consideration they agreed to pay. This they have not done. It is true they caused to be executed to plaintiff a deed for the property on Avenue A, but this deed, it developed, conveyed no title, except as to two small triangular tracts. The plaintiff is entitled to have that property, or its reasonable or agreed value, before he is required to convey to

defendants title to the property on Avenue D West. The trial court took the view that plaintiff could not recover unless he set aside this written lease. This view is erroneous. The lease expires by its terms unless defendants exercise their option to purchase the property, and they can do that only by paying the consideration named therein. Appellees contend that they are not bound by any alleged oral agreement to furnish good title to the lots on Avenue A, since there was no writing to that effect, and that any oral agreement between the parties was merged in the deed from the lumber company to plaintiff. We need not analyze this argument closely. It is quite clear the parties did not reduce to writing all the elements of their agreement, but if oral provisions were in some respects embodied in the deed mentioned it is equally true that the prior oral agreements were merged in this written instrument called "the lease." Defendants are not in position now to say that because they had some oral agreement by which they were to cause to be conveyed to plaintiff the lots on Avenue A, the provisions of which were not reduced to writing, they can avoid that part of the agreement which was reduced to writing, namely, that if they exercised their option to buy the property on Avenue D West they should pay the consideration named in the instrument therefor, namely, $8,000 with interest and the "other property," the identity of which is not in controversy.

The judgment of the court below is reversed for a new trial.